B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>GLOBAL BAKERIES INC. AND ITS<br>ASSIGNEE ERIC BOYAJIAN | DEFENDANTS<br><br>GEORGE KEVORK NALBANDIAN |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Sevan Gorginian, Esq.<br>450 N. Brand Blvd. Suite 600<br>Glendale, CA 91203<br>818-928-4445 | ATTORNEYS (If Known)<br><br>Pro Per |

| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff's complaint seeks to except a debt under Section 523(a)(2)(A) for fraud and misrepresentations and deny Defendant
a discharge under Section 727(a).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
      actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
      (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court
      if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $   75,000 |

| Other Relief Sought | DENIAL OF DISCHARGE<br>UNDER 727(a)(3), (4), and (5) |
|---|---|

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>George Kevork Nalbandian | BANKRUPTCY CASE NO.<br>1:21-bk-12081-MT | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Maureen Tighe |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>04-05-22 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Sevan Gorginian | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Sevan Gorginian (SBN 298986)
**Law Office of Sevan Gorginian**
450 N. Brand Boulevard, Suite 600
Glendale, California 91203
T: 818.928.4445 I F: 818.928.4450
sevan@gorginianlaw.com
www.GorginianLaw.com

Counsel for Plaintiff

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In re:<br><br>GEORGE KEVORK NALBANDIAN,<br><br>Debtor.<br>―――――――――――――――――――――<br>GLOBAL BAKERIES INC. AND ITS ASSIGNEE ERIC BOYAJIAN,<br><br>Plaintiff.<br><br>vs.<br><br>GEORGE KEVORK NALBANDIAN,<br><br>Defendant. | Bankruptcy No. 1:21-bk-12081-MT<br><br>Adversary No.<br><br>Chapter 7<br><br>COMPLAINT TO EXCEPT DEBT FROM DISCHARGE UNDER § 523(a)(2)(A) AND UNDER § 727(a)(3),(4) and (5)<br><br>Status Conference to be set by Court |

Global Bakeries Inc. and its assignee Eric Boyajian ("Plaintiff") bring this complaint against Chapter 7 debtor George Kevork Nalbandian ("Defendant" or "Debtor") in order for the Court to enter a judgment in favor of Plaintiff that the debt owed to Plaintiff is nondischargeable under Section 523(a)(2)(A) for fraudulent misrepresentations and to deny Debtor's entire discharge as to all creditors under Sections 727(a)(3),(4) and (5) for Debtor concealing of his financial condition, knowingly and fraudulently making false statements in their bankruptcy papers, and for failing to explain his deficiency of assets.

**I.**

**JURISDICTION AND VENUE**

1.      On December 30, 2021, Defendant filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Case").

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C 157 and 1334.  This is a core proceeding under 28 U.S.C. 157(b).

3.      Venue properly lies in this judicial district in that this civil proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. 1049.

4.      Federal Rules of Bankruptcy Procedure 4007(b) allows Plaintiff to bring this complaint at any time.

**II.**

**PARTIES**

5.      Plaintiff is now and at all times relevant to the Bankruptcy Case an individual residing in Los Angeles County, in the State of California.  Plaintiff is a creditor listed on Schedule F, and as such, has standing to bring the causes of actions addressed in this complaint.

6.      Plaintiff Global Bakeries Inc. is an entity located in Los Angeles County.  It's Assignee, Eric Boyajian, is an individual residing in Los Angeles County, in the State of California.

7.      Defendant is now and at all times relevant to the Bankruptcy Case an individual residing in Los Angeles County, in the State of California.  Defendant filed the Bankruptcy Case subjecting himself to the jurisdiction of this Court.

Complaint

III.

**STATEMENT OF THE FACTS**

**STATE COURT CASE JUDGMENT**

7.      Plaintiff sued Defendant for numerous causes of action including conversion, fraud and unjust enrichment. See **Exhibit A**, for a copy of the Amended Complaint.

8.      Plaintiff procured a judgement on these claims. See **Exhibit B** for a copy of the Notice of Judgment Lien.

9.      Plaintiff also procured a Writ of Execution establishing a minimum amount of $67,238.37.  See **Exhibit C** for a copy of the Writ.

10.     Plaintiff procured an Order to Appear for Examination against Defendant to appear on January 20, 2022.  See **Exhibit D** attached.

11.     Defendant filed this instant bankruptcy case to avoid complying with that Order to Appear for Examination.

12.     The State Court Judgment coupled with the allegations in the First Amended Complaint are final and the Court should give preclusive effect.

**FACTS IN SUPPORT OF SECTION 523(a)(2)(A)**

13.     The facts in support of fraudulent misrepresentations stem from the State Court Action.

14.     Defendant had a long-standing business relationship with Global, a high-volume commercial bakery.

15.     During the business relationship, Defendant would place an order for bread with Global, typically telephonically, approximately six days per week.

16.     The early morning following the day the order was placed with Global, Defendant would arrive to Global's premises to pick-up the bread he ordered.  Global would make the ordered bread available to Defendant with an invoice indicating the amount of bread ordered and received by Defendant.

Complaint

17.     Defendant would then leave Global's premises with the bread and distribute the bread to various entities, such as retailers, restaurants, wholesalers, and distributors.

18.     Defendant's payment terms with Global were such that Global was to receive payment in full within seven days of the invoice date.

19.     In March 2008, Defendant began to breach the payment terms with Global; Defendant stopped paying, yet continued to order and receive bread from Global.  Global would continuously request that Defendant pay his debt.

20.     In response, Defendant would continuously promise to pay in a few days. However, Defendant would not keep his promises.

21.     Instead, Defendant's debt to Global would continue to grow because Global would trust Defendant and Global would continue to provide bread to Defendant.

22.     Finally, towards the end of April 2008, Global informed Defendant that it would not sell any more bread to Defendant unless Defendant paid Global the entire amount owed.

23.     Thereafter, Global did not sell bread to Defendant, but Defendant continued to promise Global that he would pay the debt owed in a few days.  Mid-May, 2008, Defendant sent Global a final check dated May 20, 2008, issued to Global with a check number 2955, in the amount of $1,929.41.

24.     However, after applying that payment, Defendant still owed $10,000. Defendant continued to promise Global that he would pay the remainder of the debt in a few days.

25.     Since then, Defendant has not made any payments to reduce the debt he owes to Global.

26.     The principal amounts owed by Defendant to Global relate to unpaid invoices dated March 27, 2008 through April 22, 2008.

27.     Global has repeatedly requested that Defendant pay Global the debt owed, but Defendant has not done so and has admitted to Global that even though he does owe

Complaint

1  the money as alleged herein, Defendant would avoid paying Global for as long as possible,

2  including by means of prolonging the judicial process as long as possible.

3      28.    Prior to this action, Global had assigned a portion of its claim to an individual

4  ("Assignee") so that Global and the Assignee could adjudicate their claims concurrently

5  against Defendant in the small claims jurisdiction in the least costly manner, yet the

6  quickest manner.  Throughout the course of the small claims actions, Defendant's ill will

7  and deception materialized.

8      29.    First, Defendant evaded service of the small claims suits to the extent that

9  (1) he would not answer the door at his residence even when he was home; (2) the trial

10  date initially set for the small claims suits had to be re-set since Defendant was evading

11  service; and (3) Defendant was not served until a stake-out was implemented in front of

12  his house.

13      30.    After Defendant was finally served, he appeared at the Court on November

14  4, 2008 for the small claims trials, at which point he offered Assignee and Global settlement

15  agreements.

16      31.    Defendant told Assignee and Global that he did not want to have judgments

17  on his record and that if Assignee and Global would agree to re-set the small claims trial

18  dates, Defendant would pay all the debt owed prior to the new trial date.

19      32.    Out of compassion and hopes of re-engaging in a business relationship,

20  Assignee and Global accepted Defendant's offer.

21      33.    The date set for the small claims trials was therefore re-set for January 13,

22  2009.

23      34.    After the small claims trial dates were re-set for January 13, 2009, Assignee,

24  Global and Defendant walked out of the courthouse together.

25      35.    At this point, Defendant admitted to Assignee and Global that even though

26  he owes the debt, Defendant is going to do his best to avoid paying the debt since Global

27  is no longer supplying Defendant with bread, including by way of prolonging the judicial

28  process as long as possible.

36. On January 13, 2009, the small claims suits were heard and judgment was entered in favor of Assignee and Global, and against Defendant.

37. During both trials, Defendant went so far as to shamelessly lie to the Court by testifying that he never received the invoices and the bread alleged herein, thereby committing perjury.

38. Next, Defendant appealed the small claims judgments. Assignee's case was scheduled for trial de novo on March 20, 2009 and Global's case was set for trial de novo on March 27, 2009.

39. During preparation for the trial de novo, Assignee realized that the Small Claims Court did not have subject matter jurisdiction to hear contractual cases where a plaintiff's rights are based on an assignment.

40. As such, on March 16, 2009, Assignee filed the original complaint in this action in this Court of appropriate jurisdiction and filed a demurrer to the appeal trial de novo. On March 20, 2009 the Small Claims Court sustained Assignee's demurrer.

41. Simultaneously, on March 20, 2009, the Small Claims Court, on its own motion, advanced Global's appeal trial de novo to March 20, 2009 from its original date of March 27, 2009.

42. Upon learning that Assignee's case and Global's cases were based on similar circumstances of unpaid invoices by the same Defendant, and that Assignee had already filed the original complaint in this action, the Small Claims Court ordered Global's case transferred to this Court for consolidation in order to promote judicial economy; the order was entered on March 27, 2009.

43. While leaving the courthouse on March 20, 2009, Defendant was uncertain as to how to proceed and the repercussions of the Small Claims Court's orders.

44. In response, Assignee and Global informed Defendant that Defendant would need to consult with an attorney and probably hire an attorney to defend himself in this action.

45.     Assignee replied with disappointment that he was in fact trying to force Global to hire an attorney to prosecute its case against Defendant, through Defendant's delay tactics and frivolous appeals, in hopes that the attorney's fees and related costs of litigation would deter Global from doing so.

**FACTS IN SUPPORT OF SECTION 727(a)(3), (4), and (5).**

46.     Defendant's select portions of his bankruptcy Schedules and Statement of Financial Affairs are attached as **Exhibit E**.

47.     Defendant has failed to keep records regarding his sole proprietorship business.

48.     Defendant has failed to keep or produce records regarding his income substantiating his disclosure on Schedule I.

49.     Defendant has failed to keep records and papers regarding his financial condition with respect to his operation of the business (delivery driver).

50.     Defendant made numerous misrepresentations warranting denial of his discharge for false oath, including, but not limited to the following:

    a. Failed to list his wife's Wells Fargo bank account which he uses to transact on a daily basis with the intent to hinder, delay, and defraud creditors and the Trustee from seeing his cashflow activity.

    b. Material misrepresentation regarding his income on Schedule I because his gross income, as testified during his 2004 examination, is substantially more than what was disclosed.

    c. Based on his testimony, he averages $8,000 in gross income and has significant net income remaining.

    d. Defendant's Current Monthly Income (CMI) would have exceeded that required to qualify for Chapter 7 bankruptcy.

    e. Defendant did not disclose numerous assets of the business itself including the delivery route (which is an asset), customer list, accounts receivables and inventory he holds.

Complaint

f.   Defendant did not disclose all transfers within the last 2 years on Statement of Financial Affair Number 18.

g.   Defendant did not disclose his relationship and income from subcontractors he employs.

51. Defendant has failed to explain his loss of assets including vehicles he once owned.

52. Defendant has failed to satisfactorily explain the loss of income from his business.

### IV.

### FIRST CLAIM FOR RELIEF

### Section 523(a)(2)(A)

53. Plaintiff incorporates by reference all the allegations in ¶ 1-48, inclusive.

54. Pursuant to Section 523(a)(2)(A), a debt incurred for money…or an extension of credit, to the extent obtained by false pretenses, false representation, or actual fraud.

55. Defendant accumulated a debt from his relationship with Plaintiff.

56. Defendant accumulated such debt based on false pretenses when Defendants notified the Plaintiff on multiple occasions that Defendant would pay the existing debt balance.

57. As shown by the State Court findings, when Defendant made the representation, he knew them to be false and made the representation with the intention to deceive and defraud Plaintiff and induce Plaintiff to act in reliance on the representation.

58. Plaintiff was ignorant of the falsity off Defendant's representation and believed it to be true.

59. Defendant's false promises were cause for Plaintiff to continue to perform under their express contract.

Complaint

60. Plaintiff procured a judgment from State Court which contains findings and conclusions regarding conversion and fraud.

61. Defendant told Assignee and Global that he did not want to have judgments on his record and that if Assignee and Global would agree to re-set the small claims trial dates, Defendant would pay all the debt owed prior to the new trial date.

62. Out of compassion and hopes of re-engaging in a business relationship, Assignee and Global accepted Defendant's offer.

63. The date set for the small claims trials was therefore re-set for January 13, 2009.

64. After the small claims trial dates were re-set for January 13, 2009, Assignee, Global and Defendant walked out of the courthouse together.

65. At this point, Defendant admitted to Assignee and Global that even though he owes the debt, Defendant is going to do his best to avoid paying the debt since Global is no longer supplying Defendant with bread, including by way of prolonging the judicial process as long as possible.

66. On January 13, 2009, the small claims suits were heard and judgment was entered in favor of Assignee and Global, and against Defendant.

67. During both trials, Defendant went so far as to shamelessly lie to the Court by testifying that he never received the invoices and the bread alleged herein, thereby committing perjury.

68. This honorable Bankruptcy court should give preclusive effect because the State Court judgment is valid and final, the same issue is being brought, the issue is essential to the judgment, and the issues were litigated.

69. As such, the Court should enter a judgment in favor of Plaintiff that the Defendant's debt is nondischargeable under Section 523(a)(2)(A) thereby preserving his State Court judgment.

Complaint

# V.

## SECOND CLAIM FOR RELIEF

### Section 727(a)(3)

70. Plaintiff incorporates by reference all the allegations in ¶ 1-48, inclusive.

71. Pursuant to Section 727(a)(3) of the United States Bankruptcy Code, the debtor shall be denied a discharged if they concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

72. During their meeting of creditors, Defendants made a false oath in response to the Chapter 7 Trustees questions wherein they answered "no" to the question of "are there any errors or omissions in your papers that you would like to bring to my attention?"

73. Here, Defendant concealed financial information to falsify his current financial standing warranting denial of discharge under Section 727(a)(3), including but not limited to the following:

   a. Non-filing spouse's Wells Fargo Bank Account was omitted.

   b. Gross material omission regarding Defendant's income which negates the income on Schedule I and "Current Monthly Income".

74. As such, the Court should enter a judgment in favor of Plaintiff that the Defendant is exempted from discharge under Section 727(a)(3).

## VI.

Complaint

### THIRD CLAIM FOR RELIEF

### Section 727(a)(4)

75. Plaintiff incorporates by reference all the allegations in ¶ 1-48, inclusive.

76. Pursuant to Section 727(a)(4) of the United States Bankruptcy Code, the debtor is exempted from discharge if the debtor knowingly and fraudulently, on or in connection with the case, made a false oath or account.

77. During their meeting of creditors, Defendants made a false oath in response to the Chapter 7 Trustees questions wherein they answered "no" to the question of "are there any errors or omissions in your papers that you would like to bring to my attention?"

78. Here, Defendant made numerous false oaths warranting denial of discharge under Section 727(a)(4), including but not limited to the following:

   a. Non-filing spouse's Wells Fargo Bank Account was omitted.

   b. Gross material omission regarding Defendant's income which negates the income on Schedule I and "Current Monthly Income".

   c. Failed to list his wife's Wells Fargo bank account which he uses to transact on a daily basis with the intent to hinder, delay, and defraud creditors and the Trustee from seeing his cashflow activity.

   d. Material misrepresentation regarding his income on Schedule I because his gross income, as testified during his 2004 examination, is substantially more than what was disclosed.

   e. Based on his testimony, he averages $8,000 in gross income and has significant net income remaining.

   f. Defendant's Current Monthly Income (CMI) would have exceeded that required to qualify for Chapter 7 bankruptcy.

   g. Defendant did not disclose numerous assets of the business itself including the delivery route (which is an asset), customer list, accounts receivables and inventory he holds.

h.  Defendant did not disclose all transfers within the last 2 years on Statement of Financial Affair Number 18.

i.  Defendant did not disclose his relationship and income from subcontractors he employs.

79. As such, the Court should enter a judgment in favor of Plaintiff that the Defendant is exempted from discharge under Section 727(a)(4).

**VII.**

**FOURTH CLAIM FOR RELIEF**

**Section 727(a)(5)**

80. Plaintiff incorporates by reference all the allegations in ¶ 1-42, inclusive.

81. Pursuant to Section 727(a)(5) of the United States Bankruptcy Code, the debtor is exempted from discharge if the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

82. Defendant and Plaintiff had an express agreement for the sale of bread.

83. Plaintiff possessed and continues to possess the right to receive the value of the bread.

84. Defendant received money by distributing the bread it received from Plaintiff to numerous entities, a portion oof which was intended to be used for the benefit of compensating Plaintiff for the bread it produced for and sold too Defendant. However, Defendant did not use the money for the benefit of compensating Global.

85. Defendant has intentionally prevented Plaintiff from receiving their Personal Property, to the detriment of Plaintiff.

86. The State Court findings show that Defendant has converted Plaintiff's Personal Property.

87. Defendant has failed to adequately explain the loss of assets Defendant unjustly gained from converting Plaintiff's Personal Property.

88. As such, the Court should enter a judgment in favor of Plaintiff that the Defendant is exempted from discharge under Section 727(a)(5).

## VI.

## PRAYER FOR RELIEF

Plaintiff reserves his right to amend this complaint to allege further facts in support of his claims and include other causes of action after discovery of evidence. Defendant has engaged in fraudulent misrepresentations against the Plaintiff, and they have also concealed their financial condition, intentionally and fraudulently made false oaths, omissions and errors on their Bankruptcy Schedules, and have failed to satisfactorily explain their deficiency of assets which warrants denial of their discharge.

Plaintiff prays for judgment as follows:

1.    The debt owed to Plaintiff, not less than $75,000, is nondischargeable per Section 523(a)(2)(A);

2.    Defendants' discharge should be denied under Section 727(a)(3),(4) and (5);

3.    For such other relief as the Court deems just and proper.


Dated: April 7, 2022                                    /s/ Sevan Gorginian
                                                        **Sevan Gorginian**
                                                        *Counsel for Plaintiff*

Complaint

# EXHIBIT A

# Amended State Court Complaint

ERIC A. BOYAJIAN, SB# 236335
GLOBAL BAKERIES, INC.
13336 Paxton St.
Pacoima, CA 91331
Telephone: (818) 896-0525
Facsimile: (818) 896-3237
E-mail: eboyajian@globalbakeriesinc.com

Attorney for Plaintiff GLOBAL BAKERIES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, NORTH VALLEY DISTRICT

LIMITED JURISDICTION (OVER $10,000)

| | |
|---|---|
| GLOBAL BAKERIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE NALBANDIAN, an individual, DBA UNITED BAKERY PRODUCTS, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 09A01427<br><br>The Hon. Stephen P. Pfahler<br>Dept. F44<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) BREACH OF EXPRESS CONTRACT**<br>**(2) CONVERSION**<br>**(3) MONEY HAD AND RECEIVED**<br>**(4) GOODS AND SERVICES RENDERED**<br>**(5) UNJUST ENRICHMENT**<br>**(6) FRAUD**<br><br>**DEMAND FOR TRIAL BY JURY**<br><br>ACTION FILED:    March 16, 2009<br>TRIAL DATE:    None Set |

Plaintiff GLOBAL BAKERIES, INC. ("Global"), a corporation, alleges as follows:

## THE PARTIES

1.    At all relevant times herein, Global was and is a California corporation doing business in the County of Los Angeles, State of California.

2.    At all relevant times herein, defendant GEORGE NALBANDIAN ("Defendant"), doing business as United Bakery Products, was and is an individual residing in the County Los Angeles, in the State of California.

FIRST AMENDED COMPLAINT - 1

3.      Global is ignorant of the identities of defendants Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  The Doe defendants may be individuals, partnerships, or corporations.  Global is informed and believes, and thereon alleges, that at all times mentioned herein, each of the Doe defendants was the parent, subsidiary, agent, servant, employee, co-venturer, and/or co-conspirator of each of the other defendants and was at all times mentioned, acting within the scope, purpose, consent, knowledge, ratification and authorization of such agency, employment, joint venture and conspiracy.  Global will amend this Complaint to allege their true names and capacities when ascertained.  Global is informed and believes and thereon alleges that each of the fictitiously named Doe defendants is responsible in some manner for the occurrences herein alleged, and that Global's damages as herein alleged was proximately caused by its conduct.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to California Code of Civil Procedure section 410.10.

5.      Venue is proper in this judicial district because the acts and events alleged herein occurred within the County of Los Angeles.

## GENERAL ALLEGATIONS

6.      Defendant had a long-standing business relationship with Global, a high-volume commercial bakery.  During the business relationship, Defendant would place an order for bread with Global, typically telephonically, approximately six days per week.  The early morning following the day the order was placed with Global, Defendant would arrive to Global's premises to pick-up the bread he ordered.  Global would make the ordered bread available to Defendant with an invoice indicating the amount of bread ordered and received by Defendant.  Defendant would then leave Global's premises with the bread and distribute the bread to various entities, such as retailers, restaurants, wholesalers, and distributors.  Defendant's payment terms with Global were such that Global was to receive payment in full within seven days of the invoice date.

7.      In March 2008, Defendant began to breach the payment terms with Global;

FIRST AMENDED COMPLAINT - 2

Defendant stopped paying, yet continued to order and receive bread from Global.  Global would continuously request that Defendant pay his debt.  In response, Defendant would continuously promise to pay in a few days.  However, Defendant would not keep his promises.  Instead, Defendant's debt to Global would continue to grow because Global would trust Defendant and Global would continue to provide bread to Defendant.  Finally, towards the end of April 2008, Global informed Defendant that it would not sell any more bread to Defendant unless Defendant paid Global the entire amount owed.

8.      Thereafter, Global did not sell bread to Defendant, but Defendant continued to promise Global that he would pay the debt owed in a few days.  Mid-May, 2008, Defendant sent Global a final check dated May 20, 2008, issued to Global with a check number 2955, in the amount of $1,929.41.  However, after applying that payment, Defendant still owed $10,000.  Defendant continued to promise Global that he would pay the remainder of the debt in a few days.  Since then, Defendant has not made any payments to reduce the debt he owes to Global.

9.      The principal amounts owed by Defendant to Global relate to unpaid invoices dated March 27, 2008 through April 22, 2008, numbered 88291, 88294, 91104, 91130, 91137, 91142, 91157, 91167, 91176, 91182, 91193, 91203, 91220, 91229, 91233, 91251, 91261, 91269, 91285, 91296, 90898, 90948, and 93705 (True and correct copies of theses invoices are attached hereto as Exhibit A and are incorporated herein by reference.).

10.     Global has repeatedly requested that Defendant pay Global the debt owed, but Defendant has not done so and has admitted to Global that even though he does owe the money as alleged herein, Defendant would avoid paying Global for as long as possible, including by means of prolonging the judicial process as long as possible.

11.     Prior to this action, Global had assigned a portion of its claim to an individual ("Assignee") so that Global and the Assignee could adjudicate their claims concurrently against Defendant in the small claims jurisdiction in the least costly manner, yet the quickest manner.  Throughout the course of the small claims actions, Defendant's ill will and deception materialized.

12.     First, Defendant evaded service of the small claims suits to the extent that (1) he

would not answer the door at his residence even when he was home; (2) the trial date initially set for the small claims suits had to be re-set since Defendant was evading service; and (3) Defendant was not served until a stake-out was implemented in front of his house.

13.    After Defendant was finally served, he appeared at the Court on November 4, 2008 for the small claims trials, at which point he offered Assignee and Global settlement agreements. Defendant told Assignee and Global that he did not want to have judgments on his record and that if Assignee and Global would agree to re-set the small claims trial dates, Defendant would pay all the debt owed prior to the new trial date.  Out of compassion and hopes of re-engaging in a business relationship, Assignee and Global accepted Defendant's offer.  The date set for the small claims trials was therefore re-set for January 13, 2009.

14.    After the small claims trial dates were re-set for January 13, 2009, Assignee, Global and Defendant walked out of the courthouse together.  At this point, Defendant admitted to Assignee and Global that even though he owes the debt, Defendant is going to do his best to avoid paying the debt since Global is no longer supplying Defendant with bread, including by way of prolonging the judicial process as long as possible.

15.    On January 13, 2009, the small claims suits were heard and judgment was entered in favor of Assignee and Global, and against Defendant.  During both trials, Defendant went so far as to shamelessly lie to the Court by testifying that he never received the invoices and the bread alleged herein, thereby committing perjury.

16.    Next, Defendant appealed the small claims judgments.  Assignee's case was scheduled for trial de novo on March 20, 2009 and Global's case was set for trial de novo on March 27, 2009.

17.    During preparation for the trial de novo, Assignee realized that the Small Claims Court did not have subject matter jurisdiction to hear contractual cases where a plaintiff's rights are based on an assignment.  As such, on March 16, 2009, Assignee filed the original complaint in this action in this Court of appropriate jurisdiction and filed a demurrer to the appeal trial de novo.  On March 20, 2009 the Small Claims Court sustained Assignee's demurrer.

18.    Simultaneously, on March 20, 2009, the Small Claims Court, on its own motion,

FIRST AMENDED COMPLAINT - 4

advanced Global's appeal trial de novo to March 20, 2009 from its original date of March 27, 2009.  Upon learning that Assignee's case and Global's cases were based on similar circumstances of unpaid invoices by the same Defendant, and that Assignee had already filed the original complaint in this action, the Small Claims Court ordered Global's case transferred to this Court for consolidation in order to promote judicial economy; the order was entered on March 27, 2009.

19.    While leaving the courthouse on March 20, 2009, Defendant was uncertain as to how to proceed and the repercussions of the Small Claims Court's orders.  In response, Assignee and Global informed Defendant that Defendant would need to consult with an attorney and probably hire an attorney to defend himself in this action.  Assignee replied with disappointment that he was in fact trying to force Global to hire an attorney to prosecute its case against Defendant, through Defendant's delay tactics and frivolous appeals, in hopes that the attorney's fees and related costs of litigation would deter Global from doing so.

20.     In light of the foregoing, Assignee assigned its rights it had against Defendant back to Global and this First Amended Complaint is hereby filed in this Court since Global's and Assignee's attempts at a swift and economical adjudication of their claims against Defendant in the small claims system have been thwarted and rendered futile.

## FIRST CAUSE OF ACTION

### (Breach of Express Contract – Against All Defendants)

21.    Global hereby incorporates paragraphs 6 through 20 as though set forth fully herein.

22.    Defendant ordered bread from Global, and received such bread, as referenced in Exhibit A attached hereto and incorporated herein by reference.

23.    Except insofar as its performance has been excused by the acts of Defendant as alleged herein, Global has performed each and every obligation to be performed on their part.

24.    Beginning on April 14, 2008, and continuing to the present, Defendant has failed and refused to pay Global the amount owed.  As a direct and proximate result of the breach, Global has been damaged in the sum of at least $10,000.00, according to proof.

///

FIRST AMENDED COMPLAINT - 5

## SECOND CAUSE OF ACTION

### (Conversion – Against All Defendants)

25.     Global hereby incorporates paragraphs 6 through 20 as though set forth fully herein.

26.     Global possessed and continues to possess the right to receive the value of the bread ("Personal Property"), as referenced in Exhibits A attached hereto and incorporated herein by reference.  Global has repeatedly requested that Defendant provide Global with its Personal Property, but Defendant has not done so.

27.     Defendant has intentionally prevented Global from receiving its Personal Property, to the detriment of Global, resulting in damages not less than $10,000.00, according to proof, plus reasonable compensation for the time and money spent in attempting to recover the value of the Personal Property.

28.     By engaging in, and/or authorizing, and/or ratifying the aforementioned acts, Defendant acted willfully and with the intent to cause injury to Global.  Defendant is therefore guilty of malice, oppression, or fraud warranting an assessment of exemplary damages in an amount appropriate to punish Defendant and to deter others from engaging in similar misconduct.

## THIRD CAUSE OF ACTION

### (Money Had and Received – Against All Defendants)

29.     Global hereby incorporates paragraphs 6 through 20 as though set forth fully herein.

30.     Defendant received money by distributing the bread it received from Global to numerous entities, a portion of which was intended to be used for the benefit of compensating Global for the bread it produced for and sold to Defendant.  However, Defendant did not use the money for the benefit of compensating Global.

31.     Global should be compensated not less than $10,000.00, according to proof.

## FOURTH CAUSE OF ACTION

### (Goods and Services Rendered – Against All Defendants)

32.     Global hereby incorporates paragraphs 6 through 20 as though set forth fully herein.

33.     Defendant requested that Global manufacture bread for Defendant, and Global did so

and Defendant received and used the bread to his benefit.  However, Defendant has not paid for the bread.  The reasonable value of the bread for which Defendant has not paid Global amounts to not less than $10,000.00, according to proof.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment - Against All Defendants)

34.    Global hereby incorporates paragraphs 6 through 20 as though set forth fully herein.

35.    Defendant received and unjustly retained the benefits from the bread at the expense of Global.  Global should be compensated not less than $10,000.00, according to proof.

## SIXTH CAUSE OF ACTION

### (Fraud - Against All Defendants)

36.    Global hereby incorporates paragraphs 6 through 20 as though set forth fully herein.

37.    Defendant made the representation to Global, as alleged above, that he would pay his debt prior to January 13, 2009, if Global agreed to reschedule the small claims trial date.

38.    The representations made by Defendant were false.

39.    When Defendant made the representation, he knew them to be false and made the representation with the intention to deceive and defraud Global and induce Global to act in reliance on the representation in the manner alleged herein above, or with the expectation that Global would so act.

40.    At the time the representation was made by Defendant and at the time Global took the action herein alleged, Global was ignorant of the falsity of Defendant's representation and believed it to be true.  In reliance on the representation, Global was induced to, and did reschedule the small claims trial date.

41.    Had Global known the actual facts, it would not have taken such action.  Global's reliance on Defendant's representation was justified.

42.    As a proximate result thereof, Global has been damaged in an amount to be proven at trial but not less than $166.00, plus interest thereon at the legal rate.

43.    By engaging in, and/or authorizing, and/or ratifying the aforementioned acts, Defendant acted willfully and with the intent to cause injury to Global.  Defendant is therefore

FIRST AMENDED COMPLAINT - 7

guilty of malice, oppression, or fraud warranting an assessment of exemplary damages in an

amount appropriate to punish Defendant and to deter others from engaging in similar

misconduct.

WHEREFORE, Global prays judgment against Defendants as follows:

**On the First and Third Causes of Action**

1.  For compensatory damages in an amount not less than $10,000.00, plus prejudgment interest at the legal rate pursuant to sections 3287(a) and 3289(b) of the California <u>Civil Code</u>;

2.  For costs of suit herein incurred; and

3.  For such other and further relief as the court may deem proper.

**On the Second Cause of Action**

1.  For the value of the property converted, in an amount not less than $10,000.00, plus prejudgment interest at the legal rate pursuant to section 3336 of the California <u>Civil Code</u>;

2.  For damages for the proximate and foreseeable loss resulting from Defendants' conversion, in an amount to be proven at trial;

3.  For fair compensation for the time and money properly expended in pursuit of the property pursuant to section 3336 of the California <u>Civil Code</u>.

4.  For punitive and exemplary damages;

5.  For costs of suit herein incurred; and

6.  For such other and further relief as the court may deem proper.

**On the Fourth Cause of Action**

1.  The reasonable value of the bread in an amount not less than $10,000.00, plus prejudgment interest at the legal rate pursuant to sections 3287(a) and 3289(b) of the California <u>Civil Code</u>;

2.  For costs of suit herein incurred; and

3.  For such other and further relief as the court may deem proper.

**On the Fifth Cause of Action**

1. For restitution and/or a constructive trust in an amount not less than $10,000.00, plus prejudgment interest at the legal rate pursuant to sections 3287(a), 3289(b) and 3291 of the California <u>Civil Code</u>;

2. For costs of suit herein incurred; and

3. For such other and further relief as the court may deem proper.

**On the Sixth Cause of Action**

1. For compensatory damages in an amount not less than $166.00;

2. For prejudgment interest at the legal rate on the foregoing sum pursuant to sections 3287(a) and 3291 of the California <u>Civil Code</u>;

3. For punitive and exemplary damages;

4. For costs of suit herein incurred; and

5. For such other and further relief as the court may deem proper.


DATED:  April ___, 2009                    Respectfully Submitted,


By: _____
                                           Eric A. Boyajian
                                           Attorney for Plaintiff GLOBAL BAKERIES,
                                           INC.

FIRST AMENDED COMPLAINT - 9

1

## **PLAINTIFF'S DEMAND FOR A JURY TRIAL**

2      Plaintiff GLOBAL BAKERIES, INC. hereby demands a trial by jury.

3

4    DATED:  April ___, 2009                    Respectfully Submitted,

5

6                                              By: _____

7                                                  Eric A. Boyajian
                                                   Attorney for Plaintiff GLOBAL BAKERIES,
8                                                  INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT - 10

# EXHIBIT B

# NOTICE OF JUDGMENT LIEN

U210056611720



## STATE OF CALIFORNIA
*Office of the Secretary of State*
### NOTICE OF JUDGMENT LIEN (JL 1)

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U210056611720 |
| Date Filed: 6/15/2021 |

**Submitter Information:**

| | |
| --- | --- |
| Contact Name | Eric Boyajian |
| Organization Name | Law Offices of Eric A. Boyajian, APC |
| Phone Number | (818) 839-5969 |
| Email Address | eric@loeab.com |
| Address | ERIC BOYAJIAN
450 N BRAND BLVD
600
GLENDALE, CA 91203 |

**Judgment Debtor Information:**

| Judgment Debtor Name | Mailing Address |
| --- | --- |
| George Kevork Nalbandian | 18219 Friar St
Tarzana, CA 91335 |

**Judgment Creditor Information:**

| Judgment Creditor Name | Mailing Address |
| --- | --- |
| Eric Albert Boyajian | ERIC BOYAJIAN
450 N BRAND BLVD
600
GLENDALE, CA 91203 |

**Judgment Information:**

| | |
| --- | --- |
| A. Name of Court Where Judgment Was Entered | Los Angeles Superior Court - North Valley District - Chatsworth Courthouse |
| B. Title of the Action | Global Bakeries, Inc. v. George Nalbandian |
| C. Case Number | 09A01427 |
| D. Date Judgment Was Entered | 08/28/2009 |

| E. Date(s) of Subsequent Renewal of Judgment (if any) |
| --- |
| 05/15/2019 |

| | |
| --- | --- |
| F. Date of This Notice | 06/15/2021 |
| G. Amount Required to Satisfy Judgment at This Date of Notice | $66,278.06 |

All property subject to enforcement of a Money Judgment against the Judgment Debtor to which a Judgment Lien on personal property may attach under Section 697.530 of the Code of Civil Procedure is subject to this Judgment Lien.

**Declaration and Signature:**

| Declaration: | I am a Judgment Creditor listed on the Judgment Lien. |
| --- | --- |

☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| *Eric Boyajian* | *06/15/2021* |
| --- | --- |
| Sign Here | Date |

Page 1 of 1

# EXHIBIT C

# WRIT OF EXECUTION

**EJ-130**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 236335 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Eric A. Boyajian | | |
| FIRM NAME: LAW OFFICES OF ERIC A. BOYAJIAN, APC | | |
| STREET ADDRESS: 450 N. Brand Blvd., Ste. 600 | | |
| CITY: Glendale    STATE: CA    ZIP CODE: 91203 | | |
| TELEPHONE NO.: 818-839-5969    FAX NO.: 818-296-9230 | | |
| EMAIL ADDRESS: eric@loeab.com | | |
| ATTORNEY FOR (name): Eric A. Boyajian | | |
| [X] ATTORNEY FOR    [ ] ORIGINAL JUDGMENT CREDITOR    [X] ASSIGNEE OF RECORD | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

| PLAINTIFF/PETITIONER: Global Bakeries, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: George Nalbandian | 09A01427 |

| | | | |
|---|---|---|---|
| **WRIT OF** | [X] **EXECUTION (Money Judgment)** | | [X] **Limited Civil Case** (including Small Claims) |
| | [ ] **POSSESSION OF** | [ ] **Personal Property** | |
| | [ ] **SALE** | [ ] **Real Property** | [ ] **Unlimited Civil Case** (including Family and Probate) |

1. **To the Sheriff or Marshal of the County of:** Los Angeles
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. **(Name):** Eric A. Boyajian, 450 N. Brand Blvd., Ste. 600, Glendale, CA 91203
   is the [ ] original judgment creditor [X] assignee of record whose address is shown on this form above the court's name.

4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   George Nalbandian, an individual, DBA United Bakery Products AKA George Kevork Nalbandian AKA George K. Nalbandian AKA Kevork Nalbandian AKA George Kevo Nalbandian
   18219 Friar St., Tarzana, CA 91335

   [ ] Additional judgment debtors on next page.

5. **Judgment entered** on (date): 8-28-2009 (See type of judgment in item 22.)
6. [X] Judgment renewed on (dates): 5-14-2019
7. **Notice of sale** under this writ:
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).
8. [ ] Joint debtor information on next page.

9. [ ] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.

**For items 11–17, see form MC-012 and form MC-013-INFO.**

| 11. Total judgment (as entered or renewed) | $ | 54,484.60 |
|---|---|---|
| 12. Costs after judgment (CCP 685.090) | $ | 891.36 |
| 13. Subtotal (add 11 and 12) | $ | 55,375.96 |
| 14. Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 55,375.96 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 11,822.41 |
| 17. Fee for issuance of writ (per GC 70626(a)(I)) | $ | 40.00 |
| 18. Total amount due (add 15, 16, and 17) | $ | 67,238.37 |

19. Levying officer:
   a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) ............... $ 14.93
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) ............... $ 0.00

20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

Sherri R. Carter Executive Officer / Clerk of Court

Date: 08/04/2021    Clerk, by K. Encinas , Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

Electronically Received 07/14/2021 06:31 PM

EJ-130

| Plaintiff/Petitioner: Global Bakeries, Inc. | CASE NUMBER: |
| Defendant/Respondent: George Nalbandian | 09A01427 |

21. ☐ Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

22. The judgment is for *(check one):*

   a. ☐ wages owed.

   b. ☐ child support or spousal support.

   c. ☒ other. Breach of Contract

23. ☐ Notice of sale has been requested by *(name and address):*

24. ☐ Joint debtor was declared bound by the judgment (CCP 989-994)

   a. *on (date):*

   b. name, type of legal entity if not a natural person, and
      last known address of joint debtor:

   a. *on (date):*

   b. name, type of legal entity if not a natural person, and
      last known address of joint debtor:

   c. ☐ Additional costs against certain joint debtors are itemized: ☐ below ☐ on Attachment 24c.

25. ☐ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:

   a. ☐ Possession of real property: The complaint was filed on *(date):*
      *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

     (1) ☐ The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The
         judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

     (2) ☐ The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

     (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
         judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns
         to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP
         415.46 and 1174.3(a)(2).)*

     (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was
        not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

       (a) The daily rental value on the date the complaint was filed was  $

       (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

**WRIT OF EXECUTION**

**EJ-130**

| | |
|---|---|
| Plaintiff/Petitioner: Global Bakeries, Inc. | CASE NUMBER: |
| Defendant/Respondent: George Nalbandian | 09A01427 |

25. b. ☐ Possession of personal property.
        ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.
   c. ☐ Sale of personal property.
   d. ☐ Sale of real property.
   e. The property is described ☐ below ☐ on Attachment 25e.

---

### NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

# EXHIBIT D

# ORAP FOR APPEARANCE EXAMINATION

Electronically FILED by Superior Court of California, County of Los Angeles on 07/13/2021 02:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Ortega, Deputy Clerk

**AT-138/EJ-125**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.: 298986<br>NAME: Sevan Gorginian<br>FIRM NAME: LAW OFFICE OF SEVAN GORGINIAN<br>STREET ADDRESS: 450 N. Brand Blvd, Ste. 600<br>CITY: Glendale     STATE: CA     ZIP CODE: 91203<br>TELEPHONE NO.: 818-928-4445     FAX NO.:<br>E-MAIL ADDRESS: sevan@gorginianlaw.com<br>ATTORNEY FOR (name): Assignee of Record ERIC A. BOYAJIAN | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF Global Bakeries, Inc.

DEFENDANT George Nalbandian

| | |
|---|---|
| **APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION**<br> [x] **ENFORCEMENT OF JUDGMENT**    [ ] **ATTACHMENT (Third Person)**<br>    [x] **Judgment Debtor**    [ ] **Third Person** | CASE NUMBER:<br>09A01427 |

### ORDER TO APPEAR FOR EXAMINATION

1. TO (name): George Nalbandian
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [x] furnish information to aid in enforcement of a money judgment against you.
   b. [ ] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [ ] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

| | | | |
|---|---|---|---|
| Date: January 20, 2022 | Time: 1:30 pm.m | Dept. or Div.: 26 | Rm.: |
| Address of court [x] is shown above [ ] is: | | | |

3. This order may be served by a sheriff, marshal, registered process server, **or** the following specially appointed person (name):

Date: 07/13/2021

Hon. Upinder S. Kalra
_____
JUDGE

**This order must be served not less than 10 days before the date set for the examination.**

## IMPORTANT NOTICES ON REVERSE

### APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION

4. [ ] Original judgment creditor [x] Assignee of record [ ] Plaintiff who has a right to attach order applies for an order requiring (name): George Nalbandian
   to appear and furnish information to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   a. [x] the judgment debtor
   b. [ ] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. [ ] This court is **not** the court in which the money judgment is entered or (attachment only) the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7-13-2021

Sevan Gorginian
(TYPE OR PRINT NAME)

► _Sevan_____
(SIGNATURE OF DECLARANT)

(Continued on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
AT-138/EJ-125 [Rev. January 1, 2017]

**APPLICATION AND ORDER FOR
APPEARANCE AND EXAMINATION**
(Attachment—Enforcement of Judgment)

Code of Civil Procedure,
§§ 491.110, 708.110, 708.120, 708.170
www.courts.ca.gov

Page 1 of 2

Electronically Received 07/13/2021 02:43 PM

AT-138/EJ-125

### Information for Judgment Creditor Regarding Service

If you want to be able to ask the court to enforce the order on the judgment debtor or any third party, you must have a copy of the order personally served on the judgment debtor by a sheriff, marshal, registered process server, or the person appointed in item 3 of the order at least 10 calendar days before the date of the hearing, and have a proof of service filed with the court.

## IMPORTANT NOTICES ABOUT THE ORDER

### APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

**NOTICE TO JUDGMENT DEBTOR   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.**

### APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT)

**(1) NOTICE TO PERSON SERVED   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.**

**(2) NOTICE TO JUDGMENT DEBTOR   The person in whose favor the judgment was entered in this action claims that the person to be examined under this order has possession or control of property that is yours or owes you a debt. This property or debt is as follows *(describe the property or debt)*:**

**If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.**

### APPEARANCE OF A THIRD PERSON (ATTACHMENT)

**NOTICE TO PERSON SERVED   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.**

### APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION

**It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.**



**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation* (form MC-410). (Civil Code, § 54.8.)

AT-138/EJ-125 [Rev. January 1, 2017]

**APPLICATION AND ORDER FOR
APPEARANCE AND EXAMINATION
(Attachment—Enforcement of Judgment)**

Page 2 of 2

 Journal Technologies Court Portal

# Make a Reservation

GLOBAL BAKERIES INC. vs NALBANDIAN, GEORGE

Case Number: CHA09A01427   Case Type: Civil Limited   Category: Contract/Warranty Breach - Seller Plaintiff (no fraud/negligence)

Date Filed: 2009-03-16   Location: Spring Street Courthouse - Department 26

## Reservation

| | |
|---|---|
| Case Name: | Case Number: |
| GLOBAL BAKERIES INC. vs NALBANDIAN, GEORGE | CHA09A01427 |
| Type: | Status: |
| Application and Order for Appearance and Examination | RESERVED |
| Filing Party: | Location: |
| Eric A. Boyajian (Non-Party) | Spring Street Courthouse - Department 26 |
| Date/Time: | Number of Motions: |
| 01/20/2022 1:30 PM | 1 |
| Reservation ID: | Confirmation Code: |
| 055980417288 | CR-WDSEGDGMP57AVPFZG |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Application and Order for Appearance and Examination | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | **$61.65** |

## Payment

| | |
|---|---|
| Amount: | Type: |
| $61.65 | Visa |
| Account Number: | Authorization: |
| XXXX6730 | 025131 |

🖶 Print Receipt    ✚ Reserve Another Hearing    👤 View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.

Chat

# EXHIBIT E

# PORTIONS OF DEBTOR'S FALSE STATEMENTS IN BANKRUPTCY SCHEDULES

| Fill in this information to identify your case: | |
| --- | --- |
| Debtor 1 | **George Kevork Nalbandian** |
| | First Name                Middle Name                Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name                Middle Name                Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION |
| Case number | _____ |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    **12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:    Summarize Your Assets**

| | **Your assets** Value of what you own |
| --- | --- |
| 1.   **Schedule A/B: Property** (Official Form 106A/B) 1a. Copy line 55, Total real estate, from Schedule A/B................................................... | $ 0.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B................................................... | $ 6,150.00 |
| 1c. Copy line 63, Total of all property on Schedule A/B................................................... | $ 6,150.00 |

**Part 2:    Summarize Your Liabilities**

| | **Your liabilities** Amount you owe |
| --- | --- |
| 2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*... | $ 0.00 |
| 3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $ 0.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ 84,276.68 |
| **Your total liabilities** | $ 84,276.68 |

**Part 3:    Summarize Your Income and Expenses**

| | |
| --- | --- |
| 4.   *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*.................................................. | $ 1,819.00 |
| 5.   *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*.................................................. | $ 1,815.00 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6.   **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐   No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■   Yes

7.   **What kind of debt do you have?**

■   **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐   **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Debtor 1   **George Kevork Nalbandian** _____     Case number *(if known)* _____

the court with your other schedules.

8.  From the *Statement of Your Current Monthly Income*: Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

    $ _____ **937.50**

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

    | From Part 4 on *Schedule E/F*, copy the following: | Total claim |
    |---|---|
    | 9a. Domestic support obligations (Copy line 6a.) | $ _____ **0.00** |
    | 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ **0.00** |
    | 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ **0.00** |
    | 9d. Student loans. (Copy line 6f.) | $ _____ **0.00** |
    | 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ **0.00** |
    | 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ **0.00** |
    | | |
    | 9g. **Total.** Add lines 9a through 9f. | $ _____ **0.00** |

| Fill in this information to identify your case and this filing: | | |
|---|---|---|
| Debtor 1 | **George Kevork Nalbandian** | |
| | First Name          Middle Name          Last Name | |
| Debtor 2 (Spouse, if filing) | | |
| | First Name          Middle Name          Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION | |
| Case number | _____ | ☐ Check if this is an amended filing |

## Official Form 106A/B
# Schedule A/B: Property                                                12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

**1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

■ No. Go to Part 2.

☐ Yes.  Where is the property?

**Part 2:**  Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

| 3.1 | Make: | **Ford** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
|---|---|---|---|---|---|
| | Model: | **Ecoline** | ■ Debtor 1 only | | |
| | Year: | **1998** | ☐ Debtor 2 only | | |
| | Approximate mileage: | **280,000** | ☐ Debtor 1 and Debtor 2 only | Current value of the entire property? | Current value of the portion you own? |
| | Other information: | | ☐ At least one of the debtors and another | | |
| | Vehicle will not pass smog test. | | ☐ Check if this is community property (see instructions) | **$1,000.00** | **$1,000.00** |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.....................................................=>   | **$1,000.00** |

**Part 3:**  Describe Your Personal and Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

Debtor 1    **George Kevork Nalbandian**                                    Case number *(if known)*

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes. Describe.....

   | Miscellaneous household goods and furnishings | $2,000.00 |
   |---|---|

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes. Describe.....

   | Miscellaneous electronics | $1,500.00 |
   |---|---|

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes. Describe.....

    | Personal clothing. | $1,000.00 |
    |---|---|

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ■ Yes. Describe.....

    | Costume jewelry, watch. | $500.00 |
    |---|---|

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ..........................................................................

    | $5,000.00 |
    |---|

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

| Debtor 1 | **George Kevork Nalbandian** | Case number *(if known)* |
|----------|------------------------------|--------------------------|

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own?<br>Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ☑ No
   ☐ Yes.......................................................................................

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ☑ Yes.......................        Institution name:

| | 17.1. | **Checking** | **Citibank** | $100.00 |
|---|---|---|---|---|

| | 17.2. | **Checking** | **USC Credit Union (Non-Filing Spouse)** | $50.00 |
|---|---|---|---|---|

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ☑ No
   ☐ Yes.................        Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ☐ No
   ☑ Yes.  Give specific information about them...................
      Name of entity:        % of ownership:

| **Debtor owns a bread distribution business. Debtor is the only driver.  Business does not have any inventory or assets. Other than his good faith efforts, business has no value.** | **100** | % | $0.00 |
|---|---|---|---|

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ☑ No
   ☐ Yes. Give specific information about them
      Issuer name:

**21. Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ☑ No
   ☐ Yes. List each account separately.
      Type of account:        Institution name:

**22. Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ☑ No
   ☐ Yes. ....................        Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ☑ No
   ☐ Yes............        Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor 1 | **George Kevork Nalbandian** | | Case number *(if known)* | |

26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No
☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No
☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No
☐ Yes.  Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |

**28. Tax refunds owed to you**

■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

**29. Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No
☐ Yes. Give specific information......

**30. Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No
☐ Yes.  Give specific information..

**31. Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No
☐ Yes. Name the insurance company of each policy and list its value.

Company name:    Beneficiary:    Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes.  Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No
☐ Yes.  Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No
☐ Yes.  Describe each claim.........

**35. Any financial assets you did not already list**

■ No

Debtor 1    **George Kevork Nalbandian**                                                    Case number *(if known)*    _____

☐  Yes.  Give specific information..

| | |
|---|---|
| 36.  **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**...................................................................................................... | **$150.00** |

**Part 5:**   Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37.  **Do you own or have any legal or equitable interest in any business-related property?**
- ■  No. Go to Part 6.
- ☐  Yes.  Go to line 38.

**Part 6:**   Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
- ■  No. Go to Part 7.
- ☐  Yes.  Go to line 47.

**Part 7:**   Describe All Property You Own or Have an Interest in That You Did Not List Above

53.  **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership
- ■  No
- ☐  Yes. Give specific information.........

| | |
|---|---|
| 54.  **Add the dollar value of all of your entries from Part 7. Write that number here** ..................................... | **$0.00** |

**Part 8:**   List the Totals of Each Part of this Form

| | | |
|---|---|---|
| 55.  **Part 1: Total real estate, line 2** ........................................................................................................ | | **$0.00** |
| 56.  **Part 2: Total vehicles, line 5** | **$1,000.00** | |
| 57.  **Part 3: Total personal and household items, line 15** | **$5,000.00** | |
| 58.  **Part 4: Total financial assets, line 36** | **$150.00** | |
| 59.  **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60.  **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61.  **Part 7: Total other property not listed, line 54**      + | **$0.00** | |
| 62.  **Total personal property.** Add lines 56 through 61... | **$6,150.00** | Copy personal property total      **$6,150.00** |
| 63.  **Total of all property on Schedule A/B.** Add line 55 + line 62 | | **$6,150.00** |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **George Kevork Nalbandian** |
| Debtor 2<br>(Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION |
| Case number<br>(If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☑ Not employed |
| | Occupation | Social Security Income | Unemployed |
| | Employer's name | | |
| | Employer's address | | |
| | How long employed there? | | |

### Part 2:   Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income.  Add line 2 + line 3. | 4. | $ 0.00 | $ 0.00 |

Debtor 1    **George Kevork Nalbandian**                    Case number (*if known*)

|  |  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
| Copy line 4 here | 4. | $ | 0.00 | $ 0.00 |

5.  **List all payroll deductions:**

|  |  |  | | |
|---|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ | 0.00 | $ 0.00 |
| 5b. Mandatory contributions for retirement plans | 5b. | $ | 0.00 | $ 0.00 |
| 5c. Voluntary contributions for retirement plans | 5c. | $ | 0.00 | $ 0.00 |
| 5d. Required repayments of retirement fund loans | 5d. | $ | 0.00 | $ 0.00 |
| 5e. Insurance | 5e. | $ | 0.00 | $ 0.00 |
| 5f. Domestic support obligations | 5f. | $ | 0.00 | $ 0.00 |
| 5g. Union dues | 5g. | $ | 0.00 | $ 0.00 |
| 5h. Other deductions. Specify: | 5h.+ | $ | 0.00 + | $ 0.00 |

6.  **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $    0.00    $    0.00

7.  **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $    0.00    $    0.00

8.  **List all other income regularly received:**

8a.  **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.    $    347.00    $    0.00

8b.  **Interest and dividends**    8b.    $    0.00    $    0.00

8c.  **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.    $    0.00    $    0.00

8d.  **Unemployment compensation**    8d.    $    0.00    $    0.00

8e.  **Social Security**    8e.    $    1,072.00    $    0.00

8f.  **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify:    8f.    $    0.00    $    0.00

8g.  **Pension or retirement income**    8g.    $    0.00    $    0.00

8h.  **Other monthly income.** Specify:    **CalFresh**    8h.+    $    0.00 +    $    400.00

9.  **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $    1,419.00    $    400.00

10.  **Calculate monthly income.** Add line 7 + line 9.    10.    $    1,419.00    +  $  400.00  =  $  1,819.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11.  **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify:    11.    +$    0.00

12.  **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies    12.    $    1,819.00

**Combined monthly income**

13.  **Do you expect an increase or decrease within the year after you file this form?**

■  No.

☐  Yes. Explain:    Debtor has experienced a decrease in sales/income because of limited suppliers.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **George Kevork Nalbandian** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

## Schedule J: Your Expenses                                             12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ☒ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No

       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ☒ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents names.

   ☐ Yes.   Fill out this information for each dependent..............

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☒ No

   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | **Your expenses** |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $       500.00 |
| | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $       0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $       0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $       0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $       0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $       0.00 |

| Debtor 1 | **George Kevork Nalbandian** | | Case number (if known) | |
|---|---|---|---|---|

| 6. | **Utilities:** | | | |
|---|---|---|---|---|
| | 6a. | Electricity, heat, natural gas | 6a. $ | 50.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 150.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 550.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 75.00 |
| 10. | **Personal care products and services** | | 10. $ | 50.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 350.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 90.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | | 21. +$ | 0.00 |

| 22. | **Calculate your monthly expenses** | | | |
|---|---|---|---|---|
| | 22a. Add lines 4 through 21. | | $ | 1,815.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | | $ | 1,815.00 |

| 23. | **Calculate your monthly net income.** | | | |
|---|---|---|---|---|
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | | 23a. $ | 1,819.00 |
| | 23b. Copy your monthly expenses from line 22c above. | | 23b. -$ | 1,815.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | | 23c. $ | 4.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes.  |  Explain here:

**Fill in this information to identify your case:**

Debtor 1          **George Kevork Nalbandian**
                  First Name          Middle Name          Last Name

Debtor 2
(Spouse if, filing)   First Name          Middle Name          Last Name

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO
                                           VALLEY DIVISION

Case number
(if known)          _____

☐ Check if this is an
   amended filing

Official Form 106Dec
# Declaration About an Individual Debtor's Schedules                    12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____          Attach *Bankruptcy Petition Preparer's Notice,*
                                                            *Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____                    X _____
**George Kevork Nalbandian**                     Signature of Debtor 2
Signature of Debtor 1

Date    **December 20, 2021**                    Date _____

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **George Kevork Nalbandian** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy          4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**    Give Details About Your Marital Status and Where You Lived Before

1.    **What is your current marital status?**

    ■ Married
    ☐ Not married

2.    **During the last 3 years, have you lived anywhere other than where you live now?**

    ■ No
    ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.    **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ☐ No
    ■ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2**    Explain the Sources of Your Income

4.    **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐ No
    ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $61,625.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

Debtor 1    **George Kevork Nalbandian**

Case number *(if known)* _____

---

5. **Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No

■ Yes. Fill in the details.

| | Debtor 1<br>Sources of income<br>Describe below. | Gross income from<br>each source<br>(before deductions and<br>exclusions) | Debtor 2<br>Sources of income<br>Describe below. | Gross income<br>(before deductions<br>and exclusions) |
|---|---|---|---|---|
| From January 1 of current year until the date you filed for bankruptcy: | Social Security Benefits | $12,324.00 | | |
| For last calendar year:<br>(January 1 to December 31, 2020 ) | Social Security Benefits | $26,100.00 | | |
| For the calendar year before that:<br>(January 1 to December 31, 2019 ) | | $0.00 | | |

---

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☐ No.    Go to line 7.

☐ Yes    List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

■ Yes.    **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■ No.    Go to line 7.

☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**

*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No

☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

---

Debtor 1   **George Kevork Nalbandian** _____    Case number (if known) _____

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

☐ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
| --- | --- | --- | --- | --- |

**Part 4:**  Identify Legal Actions, Repossessions, and Foreclosures

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
☐ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
| --- | --- | --- | --- |
| Global Bakeries Inc. v George Kevork Nalbandian 09A01427 | Breach of Contract | Superior Court of CA - Chatsworth 9425 Penfield Ave Chatsworth, CA 91311 | ☐ Pending ☐ On appeal ☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☐ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property  Explain what happened | Date | Value of the property |
| --- | --- | --- | --- |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☐ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
| --- | --- | --- | --- |

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☐ No
☐ Yes

**Part 5:**  List Certain Gifts and Contributions

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☐ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person  Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
| --- | --- | --- | --- |

| Debtor 1 | **George Kevork Nalbandian** | Case number *(if known)* | |
|---|---|---|---|

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

- ■ No
- ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address **(Number, Street, City, State and ZIP Code)** | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

---

**Part 6:    List Certain Losses**

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

- ■ No
- ☐ Yes.  Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|

---

**Part 7:    List Certain Payments or Transfers**

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

- ☐ No
- ■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Bouldoukian Law Firm, APC**<br>**655 N. Central Ave 17th Floor**<br>**Glendale, CA 91203**<br>**harout@bouldoukianlaw.com** | **Attorney Fees** | **2021** | **$1,500.00** |

---

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

- ■ No
- ☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

- ■ No
- ☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

---

Debtor 1    **George Kevork Nalbandian**                                          Case number *(if known)*

---

19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a **beneficiary?** (These are often called *asset-protection devices.*)

    ■ No
    ☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|
| | | |

**Part 8:**    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

    ■ No
    ☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

    ■ No
    ☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

    ■ No
    ☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

**Part 9:**    Identify Property You Hold or Control for Someone Else

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

    ■ No
    ☐ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|
| | | | |

**Part 10:**    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

Debtor 1    **George Kevork Nalbandian**                                          Case number *(if known)*

---

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

    ■ No
    ☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. Have you notified any governmental unit of any release of hazardous material?

    ■ No
    ☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

    ■ No
    ☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>**Address** (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

---

**Part 11:**  Give Details About Your Business or Connections to Any Business

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

    ■ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

    ☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

    ☐ A partner in a partnership

    ☐ An officer, director, or managing executive of a corporation

    ☐ An owner of at least 5% of the voting or equity securities of a corporation

    ☐ No. None of the above applies.  Go to Part 12.

    ■ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>**Address**<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| **United Bakery Products**<br>**18219 Friar St**<br>**Reseda, CA 91335** | **Bread Distribution**<br><br>**George Nalbandian** | EIN:    95-4886007<br><br>From-To   1992-2018 |
| **George Nalbandian**<br>**18219 Friar St**<br>**Tarzana, CA 91335** | **Bread Distribution**<br><br>**George Nalbandian** | EIN:<br><br>From-To   2021 |

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

    ■ No
    ☐ Yes. Fill in the details below.

| Name<br>**Address**<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

---

**Part 12:**  Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers

Debtor 1    **George Kevork Nalbandian**                                        Case number *(if known)* _____

are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection
with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

_____                    _____
George Kevork Nalbandian                               Signature of Debtor 2
**Signature of Debtor 1**

Date    December 20, 2021                              Date    _____

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**
■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **George Kevork Nalbandian** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION | |
| Case number (if known) | _____ | |

☐ Check if this is an amended filing

## Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7    12/15

If you are an individual filing under chapter 7, you must fill out this form if:

■ creditors have claims secured by your property, or

■ you have leased personal property and the lease has not expired.

**You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form**

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List Your Creditors Who Have Secured Claims

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>☐ Yes |
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>☐ Yes |
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>☐ Yes |
| Creditor's | ☐ Surrender the property. | ☐ No |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | George Kevork Nalbandian | | Case number *(if known)* | |
|---|---|---|---|---|

| name: | | ☐ Retain the property and redeem it. | |
|---|---|---|---|
| Description of property securing debt: | | ☐ Retain the property and enter into a *Reaffirmation Agreement*. | ☐ Yes |
| | | ☐ Retain the property and [explain]: | |

---

## Part 2:   List Your Unexpired Personal Property Leases

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

Describe your unexpired personal property leases                        Will the lease be assumed?

Lessor's name:                                                        ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                        ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                        ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                        ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                        ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                        ☐ No
Description of leased
Property:                                                            ☐ Yes

Lessor's name:                                                        ☐ No
Description of leased
Property:                                                            ☐ Yes

---

## Part 3:   Sign Below

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

X _George Kevork Nalbandian_                              X _____
George Kevork Nalbandian                                    Signature of Debtor 2
Signature of Debtor 1

Date      **December 20, 2021**                            Date _____

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Fill in this information to identify your case: | Check one box only as directed in this form and in Form 122A-1Supp: |
|---|---|

**Debtor 1**   George Kevork Nalbandian

**Debtor 2**
(Spouse, if filing)

**United States Bankruptcy Court for the:**   Central District of California - San Fernando Valley Division

**Case number**
(if known)

Check one box only as directed in this form and in Form 122A-1Supp:

- ■ 1. There is no presumption of abuse
- ☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).
- ☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

## Official Form 122A – 1
## Chapter 7 Statement of Your Current Monthly Income
04/20

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

**Part 1:**   Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.
   - ☐ **Not married.** Fill out Column A, lines 2-11.
   - ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.
   - ■ **Married and your spouse is NOT filing with you.** You and your spouse are:
     - ■ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.
     - ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ 0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 8,779.50 | | | |
| Ordinary and necessary operating expenses | -$ 7,842.00 | | | |
| Net monthly income from a business, profession, or farm | $ 937.50 | Copy here -> | $ 937.50 | $ 0.00 |

6. **Net income from rental and other real property**

| | Debtor 1 | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> | $ 0.00 | $ 0.00 |

| 7. | **Interest, dividends, and royalties** | | $ 0.00 | $ 0.00 |
|---|---|---|---|---|

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **George Kevork Nalbandian** | | Case number *(if known)* | |

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|

8. **Unemployment compensation** ........................................... $    0.00    $    0.00

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you ...................................................... $    0.00

For your spouse ...................................... $    0.00

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. ......... $    0.00    $    0.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments made under the Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID-19); payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation  pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below..

    $    0.00    $    0.00

    $    0.00    $    0.00

Total amounts from separate pages, if any. + $    0.00    $    0.00

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$   937.50   + $   0.00   = $   937.50

Total current monthly income

| **Part 2:** | **Determine Whether the Means Test Applies to You** |

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 .................... Copy line 11 here=> $   937.50

Multiply by 12 (the number of months in a year)     **x 12**

12b. The result is your annual income for this part of the form    **12b.** $   11,250.00

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    **CA**

Fill in the number of people in your household.    **2**

Fill in the median family income for your state and size of household.    **13.** $   83,435.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ☑ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.* Go to Part 3. DO NOT fill out or file Official Form 122A-2.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.* Go to Part 3 and fill out Form 122A–2.

| **Part 3:** | **Sign Below** |

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X _(signature)_

**George Kevork Nalbandian**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Debtor 1  **George Kevork Nalbandian**                                    Case number (*if known*) _____

Signature of Debtor 1

Date  **December 20, 2021**
MM / DD  / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

Debtor 1   **George Kevork Nalbandian** _____     Case number (*if known*) _____

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **06/01/2021** to **11/30/2021**.

**Line 5 - Income from operation of a business, profession, or farm**
Source of Income: **Bread Distribution**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **06/2021** | **$9,060.00** | **$7,748.00** | **$1,312.00** |
| 5 Months Ago: | **07/2021** | **$9,150.00** | **$7,830.00** | **$1,320.00** |
| 4 Months Ago: | **08/2021** | **$8,855.00** | **$7,804.00** | **$1,051.00** |
| 3 Months Ago: | **09/2021** | **$8,794.00** | **$7,792.00** | **$1,002.00** |
| 2 Months Ago: | **10/2021** | **$8,579.00** | **$7,986.00** | **$593.00** |
| Last Month: | **11/2021** | **$8,239.00** | **$7,892.00** | **$347.00** |
|  | Average per month: | **$8,779.50** | **$7,842.00** |  |
|  |  |  | Average Monthly NET Income: | **$937.50** |

**Non-CMI - Social Security Act Income**
Source of Income: **Social Security Income**
Constant income of **$1,072.00** per month.